**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | **CIVIL ACTION NO. 1:07-CV-0350** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CORRECTIONAL OFFICER BOOM.** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Presently before the court is a civil rights complaint filed by Robert Panton ("Panton"). Panton seeks to proceed *in forma pauperis*. (Doc. 5). For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e).

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Plaintiff alleges that on January 29, 2007, Correctional Officer Boom harassed him by following him and another inmate out of the "chow hall" yelling "to go tell (Boom told us it was yard recall, so we started to leave) you always tattle taling and filing complaints; it don't change nothing; I don't know why you bother." (Doc. 1,

p. 1). Plaintiff contends that this conduct, which was in retaliation for grievances he filed, was in violation the First Amendment.

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a civil rights claim, the plaintiff must show a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must

demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

There is no question that Panton engaged in protected conduct. The filing of a grievance clearly falls within the ambit of the First Amendment. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

Panton then must establish whether the actions purportedly taken in retaliation for this conduct are sufficiently "adverse" to constitute constitutionally cognizable infringements. Official actions are considered "adverse" if they would be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." Allah, 229 F.3d at 225. Significantly, allegations of verbal harassment are insufficient to state a constitutional violation. The use of words, however violent, generally cannot constitute conduct actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa.1995). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va.1973); see also Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993)("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993)("[V]erbal harassment does not give rise to a constitutional

violation enforceable under § 1983."); Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) ("[v]erbal abuse is not a civil rights violation . . . "). Based on the foregoing, the court concludes that the single incident of verbal harassment experienced by Panton is insufficient to deter a person of ordinary firmness from exercising his First Amendment rights. Plaintiff's complaint will therefore be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

An appropriate order will issue.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: March 20, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | **CIVIL ACTION NO. 1:07-CV-0350** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CORRECTIONAL OFFICER BOOM.** | : | |
| | : | |
| **Defendant** | : | |

**O R D E R**

AND NOW, this 20th day of March, 2007, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 5) is GRANTED for the sole purpose of filing this action.

2. The complaint (Doc. 1) is DISMISSED for failure to state a claim on which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge